LINK: 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-03705 GAF (SSx) | Date | July 30, 2013 |
|---|---|---|---|
| Title | Greg B. Kaplan et al v. Wells Fargo Bank NA et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   (In Chambers)

**ORDER RE: MOTION TO DISMISS**

**I.
INTRODUCTION & BACKGROUND**

  Plaintiffs Greg B. Kaplan and Amalia Kaplan ("Plaintiffs") borrowed $205,500.00 from Wells Fargo's predecessor, World Savings Bank, FSB ("World Savings"), to finance the purchase of a home in Castaic, California. (Docket No. 1 [Notice of Removal ("Not.")], Ex. A [First Amended Complaint ("FAC")] ¶ 16.) One year later, Plaintiffs obtained a Home Equity Line of Credit ("HELOC") with World Savings for $125,000, secured by a deed of trust against the property. (Id. ¶ 17.) In January 2008, World Savings changed its name to Wachovia Mortgage, FSB, and in November 2009, merged into Wells Fargo Bank, NA. (Docket No. 8 [Request for Judicial Notice ("RJN")] Exs. C–F.)[1]

  In 2010, Plaintiffs experienced financial problems and contacted Wells Fargo to inquire about a possible loan modification. (FAC ¶¶ 18–49.) They submitted several loan modification applications, each of which was ultimately denied. (Id. ¶¶ 37, 40, 42, 43, 47.) Plaintiffs subsequently failed to make payments under the HELOC and Wells Fargo therefore recorded a Notice of Default ("NOD") on October 26, 2012. (Id. ¶ 54; RJN, Ex. G.) When Plaintiffs failed to cure their default in response to the NOD, Wells Fargo caused a Notice of Trustee's Sale

---

[1] The Court may take judicial notice of the Certificate of Corporate Existence for World Savings, the Charter of Wachovia Mortgage, FSB, and the Official Certification of the Comptroller of the Currency substantiating World Savings' name change and subsequent merger with Wells Fargo, as they are matters of public record. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 698 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-03705 GAF (SSx) | Date | July 30, 2013 |
|---|---|---|---|
| Title | Greg B. Kaplan et al v. Wells Fargo Bank NA et al | | |

("NOS") to be recorded on January 29, 2013. (FAC ¶ 77; RJN, Ex. H.) The NOS listed a sale date of February 19, 2013. (RJN, Ex. H.)

In response, Plaintiffs applied for a temporary restraining order ("TRO") in Los Angeles County Superior Court on February 19, 2013, which the Honorable Robert H. O'Brien denied without prejudice. (Id., Ex. I.) Following denial of the TRO, Greg Kaplan filed a Chapter 13 bankruptcy petition in the Central District of California to stop the trustee's sale on his home. (FAC ¶ 85.) The bankruptcy is still pending and no sale has occurred to date.

Plaintiffs then filed the instant suit against Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and NDeX West, LLC on April 5, 2013, asserting claims for (1) fraudulent misrepresentation; (2) promissory estoppel; (3) negligent misrepresentation; (4) violation of the California Homeowner Bill of Rights ("HBOR"); (5) preliminary and permanent injunction; and (6) declaratory relief. (FAC.) Wells Fargo now moves to dismiss Plaintiffs' FAC on a number of grounds. To date, Plaintiffs have filed no opposition. Because the Court concludes that Plaintiffs' first four causes of action are preempted by the Home Owners' Loan Act ("HOLA") and their remaining claims fail to state a cause of action, Defendant's Motion to Dismiss is **GRANTED**. Furthermore, in light of Plaintiffs' failure to oppose, the claims are **DISMISSED with prejudice**. The Court sets forth its reasoning in detail below.

## II.
## DISCUSSION

### A. LEGAL STANDARD

A complaint may be dismissed if it fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all factual allegations pleaded in the complaint, and construe them "in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996); see also Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120–21 (9th Cir. 2007). Dismissal under Rule 12(b)(6) may be based on either (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984)).

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to allow a complaint to survive a motion to dismiss only if it "contain[s]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-03705 GAF (SSx) | Date | July 30, 2013 |
|---|---|---|---|
| Title | Greg B. Kaplan et al v. Wells Fargo Bank NA et al | | |

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not sufficiently established that the pleader is entitled to relief. Id. at 679.

A complaint generally need not contain detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation, alteration, and internal quotations omitted). Similarly, a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). That is, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 678-79; see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

**B. APPLICATION**

**1. PLAINTIFFS' FAILURE TO OPPOSE**

As an initial matter, the Court notes that pursuant to Local Rule 7–12, the failure to file an opposition "may be deemed consent to the granting or denial of the motion." C.D. Cal. R. 7–12. Plaintiffs' non-opposition alone thus provides sufficient grounds for granting Wells Fargo's motion. However, because the Court always favors a decision on the merits, it will address Defendant's substantive arguments in support of dismissal.

**2. HOLA PREEMPTION**

The Home Owners' Loan Act ("HOLA"), "which provided for the creation of a system of federal savings and loan associations, was enacted 'to provide emergency relief with respect to home mortgage indebtedness' at a time when as many as half of all home loans in the country were in default.'" Guerrero v. Wells Fargo Bank, N.A., No. 10-5095, 2010 U.S. Dist. LEXIS 96261, at *5 (C.D. Cal. Sep. 14, 2010) "Through HOLA, Congress gave the [Office of Thrift Supervision ("OTS")] broad authority to issue regulations preempting state law." Id. (citing 12 C.F.R. § 560.2 ("OTS hereby occupies the entire field of lending regulation for federal savings

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-03705 GAF (SSx) | Date | July 30, 2013 |
|---|---|---|---|
| Title | Greg B. Kaplan et al v. Wells Fargo Bank NA et al | | |

associations[2] . . . . Accordingly, federal savings associations may extend credit as authorized under federal law . . . without regard to state laws purporting to regulate or otherwise affect their credit activities . . . .")) And "[a]lthough it is generally presumed that Congress does not intend to preempt state laws absent a clear manifestation of intent to the contrary, that presumption is not applicable to the field of lending regulation of federal savings associations." Id. (citing Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001, 1005 (9th Cir. 2008))

12 C.F.R. § 560.2(b) provides a list of the types of state laws that are preempted by HOLA, including, relevant to this action, "state laws purporting to impose requirements regarding: . . . (10) Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages . . . ." 12 C.F.R. § 560.2(b). And the Ninth Circuit has articulated the following test for determining when a state law is preempted under section 560.2:

> When analyzing the status of state laws under 560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c) [providing that state laws of general applicability only incidentally affecting federal savings associations are not preempted]. For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.

Silvas, 514 F.3d at 1005 (quoting OTS, Final Rule, 61 Fed. Reg. 50951, 50966–67 (Sep. 30 1996)).

Here, Plaintiffs' claims for fraudulent misrepresentation, promissory estoppel, negligent misrepresentation, and violation of the HBOR all arise out of Defendants' alleged representation that they would "review plaintiffs for [the Home Affordable Modification Program ('HAMP')" and their subsequent failure to do so. (FAC ¶¶ 120, 135–137, 147.) Each of these claims is therefore premised on Defendants' alleged misconduct in "[p]rocessing, originat[ing], servicing .

---

[2] Although Wells Fargo itself is not subject to HOLA and OTS regulations, this action is nonetheless governed by HOLA because Plaintiffs' loan originated with World Savings, a federal savings bank. (See FAC ¶¶ 16, 17); see also Gorton v. Wells Fargo Bank NA, 2012 U.S. Dist. LEXIS 168158, at *12 (C.D. Cal. Nov. 27, 2012) ("HOLA preemption continues to apply to loans originated by a federal savings bank even after those banks are merged into national banking associations.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-03705 GAF (SSx) | Date | July 30, 2013 |
|---|---|---|---|
| Title | Greg B. Kaplan et al v. Wells Fargo Bank NA et al | | |

. . or participati[ng] in, mortgages"—activities subsection (b) explicitly identifies as subject to HOLA preemption. 12 C.F.R. § 560.2(b).

Thus, under the standard set forth by the Ninth Circuit in Silvas, Plaintiffs' fraudulent misrepresentation, promissory estoppel, negligent misrepresentation, and HBOR claims are preempted. See, e.g., Gorton v. Wells Fargo Bank N.A., No. CV 12-01245, 2013 U.S. Dist. LEXIS 86006, at *11 (C.D. Cal. June 3, 2013) ("Plaintiff's HBOR claim is based solely on communications regarding and actions or omissions related to either Plaintiff's application for loan modification, Wells Fargo's denial of that application or Plaintiff's appeal of the denial . . . [and is therefore] preempted by HOLA . . . ."); Guerrero, 2010 U.S. Dist. LEXIS 96261, at *7–8 ("Plaintiff's state law causes of action—to set aside trustee's sale, to cancel trustee's deed, to quiet title, for accounting, estoppel, breach of contract, breach of covenant of fair dealing and good faith, fraud, negligence and declaratory relief—are preempted by HOLA, as they attack Defendant's disclosure and processing, servicing and sale of a mortgage."). The Court therefore **DISMISSES** these claims and—in light of Plaintiffs' non-opposition—the claims are dismissed **with prejudice**.

### 3. PLAINTIFFS' CLAIMS FOR A "PRELIMINARY AND PERMANENT INJUNCTION" AND "DECLARATORY RELIEF" ARE REMEDIES, NOT INDEPENDENT CAUSES OF ACTION

Plaintiffs' claim for "preliminary and permanent injunction" fails for the simple reason that "[i]njunctive relief is a remedy and not, in itself, a cause of action . . . ." Lawrence v. Aurora Loan Servs. LLC, No. 09–01598, 2010 WL 364276, at *12 (E.D. Cal. Jan. 25, 2010) (quoting Shell Oil Co. v. Richter, 52 Cal. App. 2d 164, 168 (Ct. App. 1942)). Plaintiffs' "declaratory relief" claim fails for the same reason. See Pazargad v. Wells Fargo Bank, N.A., No. CV 11-4524, 2011 U.S. Dist. LEXIS 94850, at **6–7 (C.D. Cal. Aug. 23, 2011) ("Declaratory relief is not an independent claim, rather it is a form of relief.") Plaintiffs' claims for injunctive and declaratory relief are therefore **DISMISSED with prejudice**.

### III.
### CONCLUSION

Accordingly, Defendant Wells Fargo's Motion to Dismiss is **GRANTED** and Plaintiffs' claims are **DISMISSED with prejudice**. The hearing scheduled for Monday, August 5, 2013 is **VACATED.**

**IT IS SO ORDERED.**